UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

AQUALINE ASSOCIATES LIMITED
PARTNERSHIP,

*Plaintiff-Appellant,*

v.

GENESIS HEALTH VENTURES,
INCORPORATED, a Pennsylvania
Corporation; KEVIN BRESLIN,
individually and in his corporate
capacity; ROBERT SCHWEIZER,
individually and in his corporate
capacity; IRA C. GUBERNICK,
individually and in his corporate
capacity; and other NAMED AND
UNNAMED CO-CONSPIRATORS,

*Defendants-Appellees.*

No. 03-1859

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Richard D. Bennett, District Judge;
Marvin J. Garbis, Senior District Judge.
(CA-02-2625-RDB)

Argued: February 27, 2004

Decided: May 3, 2004

Before NIEMEYER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Robert Arlington Yingst, Washington, D.C., for Appellant. Kevin Anthony Dunne, OBER, KALER, GRIMES & SHRIVER, P.C., Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Aqualine Associates Limited Partnership appeals the Rule 12(b)(6) dismissal of its amended complaint. We affirm.

In August 2002, Aqualine filed this lawsuit against Genesis Health Ventures, Inc. asserting a claim for tortious interference with economic relations. Aqualine based its complaint on Genesis' alleged interference with Aqualine's attempt to sell a nursing home in 1996, and Aqualine alleged that this interference continued from 1996 to the date the complaint was filed. Genesis moved for dismissal of the complaint arguing that it had filed for bankruptcy protection in June 2000 and that its plan of reorganization (which was confirmed by the Bankruptcy Court for the District of Delaware in September 2001) discharged all pre-bankruptcy claims against it.

At a November 2002 hearing, the district court denied Genesis' motion to dismiss. Genesis, again relying on the bankruptcy discharge, then orally moved for dismissal of all of Aqualine's claims for alleged torts that were committed prior to the bankruptcy discharge. The district court stayed the case with respect to Aqualine's claims based on torts committed prior to the bankruptcy discharge, and it permitted the parties to conduct discovery on Aqualine's claims based on torts committed after the bankruptcy discharge.[1] In December

---

[1] The scheduled discovery period ran through the end of March 2003, and it appears that Aqualine initiated only limited discovery during this period.

2002, Aqualine moved for leave to file an amended complaint, and it submitted a proposed amended complaint that alleged claims for tortious interference with economic relations, conspiracy, and fraud and misrepresentation.

In an order dated April 8, 2003, the district court ruled on the oral motion to dismiss and the motion for leave to file the proposed amended complaint. Addressing first the motion to dismiss, the district court stated that although Aqualine had presented several theories as to the purported ineffectiveness of the bankruptcy discharge (*e.g.*, inadequate bankruptcy notice), the plan of reorganization approved by the bankruptcy court is entitled to "*res judicata* effect" and "effectively precluded the pursuit . . . of any Pre-discharge claims." (J.A. 170). The district court noted that to the extent that the validity of the bankruptcy court action could be challenged, Aqualine should proceed in the bankruptcy court. The district court further stated that it would abstain from deciding any issue concerning the effectiveness of the bankruptcy discharge in order to allow the bankruptcy court to resolve such issue. Based on this reasoning, the district court dismissed Aqualine's pre-discharge claims "without prejudice to [Aqualine's] proceeding, as may be appropriate," in the bankruptcy court in Delaware. (J.A. 171). Finding that the complaint did not contain any "clearly discernible Post-discharge claims," the district court dismissed the complaint. (J.A. 171).

The district court also denied Aqualine's motion for leave to file the proposed amended complaint, but it did so without prejudice in order to give Aqualine the opportunity "to file an Amended Complaint that clearly and adequately presents any Post discharge claims." (J.A. 172). The district court instructed Aqualine that an amended complaint must comply with the requirement of Fed. R. Civ. P. 9(b) that fraud claims must "be stated with particularity" and must "specify the time (which must post date June 22, 2000), place, contents and maker of any statement upon which a fraud/misrepresentation claim is based." (J.A. 172).[2] The district court also stated that with respect

---

[2]The district court interpreted the bankruptcy discharge to relate to causes of action that accrued prior to June 22, 2000, when Genesis filed the petition.

to other claims Aqualine "must provide specific allegations establishing a post June 22, 2000, accrual of any cause of action." (J.A. 172).

Aqualine thereafter filed an amended complaint asserting claims for tortious interference with economic relations, conspiracy, and fraud and misrepresentation.[3] Aqualine alleged in support of its causes of action that Genesis had begun a "course of conduct" in 1996 that continued to the date the amended complaint was filed. (J.A. 176, 182). Genesis moved for dismissal of the amended complaint on the ground that Aqualine had failed to state sufficient facts upon which to base a post-discharge claim.

In an order dated June 16, 2003, the district court granted the motion and dismissed the amended complaint with prejudice. The district court stated that "Aqualine can only survive [the] motion if it has alleged any cognizable cause of action that accrued after September 21, 2001" (the date of the bankruptcy discharge), and it found "beyond doubt that Aqualine can prove no set of facts that occurred post-bankruptcy discharge to support its claims." (J.A. 329). The district court noted with respect to the tortious interference claim that the amended complaint is "completely devoid of any reference to a date for any of the acts that allegedly constitute tortious interference," and it found Aqualine's "overbroad and sweeping allegations" about Genesis' continuing "course of conduct" to be insufficient to satisfy the specificity required by the April 8 order. (J.A. 330). The district court also rejected as irrelevant Aqualine's contention that Genesis' alleged conduct did not cause any injury until January 31, 2002 (when the nursing home was sold). As to the fraud and misrepresentation claim, the district court concluded that the amended complaint "lacks the required particularity to survive [the] motion to dismiss" because it is "devoid of any reference to any false statements made, or dates upon which any of the alleged fraudulent acts occurred," and it therefore fails to comply with the "specific warning" about compliance with Rule 9(b) and the need to allege post-discharge acts. (J.A. 334). The district court also concluded that the failure of the tortious interference and fraud/misrepresentation claims necessitated the failure of the

---

[3]For the first time, Aqualine named (in addition to Genesis) several individuals as defendants. However, Aqualine never effected service on those individuals.

conspiracy claim because the conspiracy claim was (under Maryland law) dependent on those claims. The district court entered a second order on June 20, 2003, clarifying that the amended complaint was dismissed with prejudice as to all defendants.

On appeal, Aqualine primarily challenges the district court's reliance on the bankruptcy court proceeding as the basis underlying much of its rulings. Aqualine argues that its claims are not foreclosed by the bankruptcy proceeding and that it has properly stated causes of action in its amended complaint. Aqualine also argues that it was denied a meaningful opportunity to conduct discovery. Having carefully reviewed the record and considered the arguments of counsel, we find Aqualine's claims of error to be without merit. We therefore affirm on the reasoning of the district court as set forth in the orders discussed herein. We note that neither this opinion nor the district court's orders foreclose Aqualine from attempting to seek relief in the bankruptcy court for the pursuit of any pre-discharge claims because the district court dismissed those claims without prejudice in the April 8, 2003, order.[4] We also note that, in the event the bankruptcy court determines that Aqualine's pre-discharge claims are not dischargeable under Genesis' reorganization plan, neither this opinion nor the district court orders foreclose Aqualine from refiling such claims in the district court, to the extent such claims were not dismissed on the ground of failure to comply with Rule 9(b)'s particularity requirement.

*AFFIRMED*

---

[4]In the June 16 order, the district court noted: "While [Aqualine] can seek recourse in the United States Bankruptcy Court for the District of Delaware, it cannot seek to have this Court invade the jurisdiction of that court." (J.A. 332).