NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-1482

IN RE: KAISER ALUMINUM CORPORATION, et al., Debtors

MOSS LANDING COMMERCIAL PARK, LLC, Appellant

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-08-cv-00233)
District Judge: Honorable Joseph J. Farnan

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2010

Before: RENDELL, AMBRO, and CHAGARES, Circuit Judges

(Opinion filed: July 8, 2010)

OPINION

AMBRO, Circuit Judge

Moss Landing Commercial Park, LLC ("Moss Landing"), appeals an order

enforcing an injunction issued in connection with the confirmation of a Chapter 11 plan

of reorganization (the "Plan") filed by Kaiser Aluminum Corporation, Kaiser Aluminum

& Chemical Corporation, and their affiliates (collectively, "Kaiser"). For the reasons that

follow, we vacate the January 21, 2009, judgment of the District Court (affirming the

March 27, 2008, order of the Bankruptcy Court enforcing the injunction), and remand for further proceedings.

I.      **Facts and Procedural History**

While the facts in this case reach back many decades, we discuss only those facts relevant here. We begin with the Bankruptcy Court's approval of Kaiser's Plan on February 6, 2006. As part of the confirmation order approving the Plan, the Court entered an injunction that provides in relevant part:

> [A]ll entities that have held, currently hold or may hold a Claim or other debt or liability of the Reorganizing Debtors, or an Interest or other right of an equity security holder with respect to the Reorganizing Debtors, that is discharged, released, waived, settled or deemed satisfied in accordance with the Plan will be permanently enjoined from taking any of the following actions on account of any such Claims, debts, liabilities, Interests or rights: (a) commencing or continuing in any manner any action or other proceeding against the Reorganizing Debtors, the Reorganized Debtors or the property of any of them, other than to enforce any right pursuant to the Plan to a distribution; . . . and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the Plan.

App. 4252–53.

On November 30, 2007, Moss Landing filed suit against Kaiser in the United States District Court for the Northern District of California, Case No. C07-06072 (the "California Suit"). *See* App. 1810–35 (First Am. Compl. in Cal. Suit). The complaint alleged ten causes of action: two causes of action for Clean Water Act ("CWA") violations pursuant to 33 U.S.C. § 1365(a); a Resource Conservation Recovery Act ("RCRA") cause of action pursuant to 42 U.S.C. § 6972(a); two nuisance causes of action; a negligence cause of action; a cause of action for declaratory relief; a cause of

2

action for equitable indemnity; a cause of action under the California Civil Code; and a cause of action for breach of contract. These causes of action stemmed from Moss Landing's 2003 purchase of a parcel of land in Moss Landing, California, previously owned by Kaiser, which had operated there a magnesium and refractory brick facility.

On December 28, 2007, Kaiser filed a motion in the Bankruptcy Court to enforce the Plan injunction. It argued that the entirety of the California Suit "constitute[d] dischargeable claims," and thus "the filing of the [California Suit] was a violation of the Plan and Confirmation Order injunctions." App. 1544 (Mot. to Enforce Inj. ¶ 42).

The Bankruptcy Court, after briefing and a hearing, issued an order directing Moss Landing to dismiss the California Suit against Kaiser without prejudice because it was barred by the Plan injunction. It concluded that the proper course of action was a motion by Moss Landing to file a late proof of claim. App. 2048, 4372–75. Specifically, the Bankruptcy Judge noted in her oral ruling as follows:

> I think that this is at least close enough to a claim that your first problem, I think, is to get relief from the discharge injunction because this issue appears to have been addressed by the debtor in the [P]lan. . . . [T]he suit [filed in California] violates the discharge injunction. I think [the] remedy is to file something here either for relief from that discharge injunction or to file a late proof of claim or something, whatever it is that you choose to get started here, but I don't think that lawsuit is the appropriate way to go about it. I don't think the cases that are cited . . . , in terms of the citizen suit, are going to permit the debtor to exercise the state's policing regulatory powers. So I don't think they help.

App. 2043–44. She continued:

> What I need to decide today is whether or not the lawsuit that's pending is appropriate because the motion is to enforce the [P]lan injunction, and it seems

3

to me that at this stage . . . that motion should be granted, and the [P]lan injunction should be enforced, that the debtor does appear to have put into its [P]lan the discharge with respect to these claims that [Moss Landing] should be compelled to dismiss its lawsuit, although the debtor's asking with prejudice. I don't think that's appropriate. I think it should be without prejudice for this reason: I think that [Moss Landing] has the entitlement to come before this Court and attempt to prove that it should be able . . . , if it chose, to file a late proof of claim on whatever theory it has to advance. . . . I think its remedy in the first instance is here, not in the Federal District Court. So, I'm going to grant the debtor's motion in part and deny it in part. I will enforce the injunction, require the complaint to be dismissed without prejudice pending some further rulings by this Court if [Moss Landing] chooses to commence some action here.

App. 2048. She did not individually address the causes of action asserted in the California Suit, but instead ruled that the entire lawsuit constituted a "claim" in violation of the injunction.

The District Court affirmed on appeal. App. 5–11, 13. Citing the long passage quoted immediately above, it found that "at least *some* of the claims asserted in the California [Suit] . . . clearly fall within the purview of the Plan's injunction," and therefore agreed that the proper course of action was a motion seeking relief from the injunction or a motion to file a late proof of claim. App. 10–11 (emphasis added). However, it did not determine whether *all* of the claims asserted in the California Suit were barred by the injunction. Moss Landing timely appealed from the District Court's affirmance of the Bankruptcy Court.

## II.    Jurisdiction and Standard of Review

The Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. § 157(b). The District Court had jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a). We

4

have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291.

We exercise plenary review over the District Court's conclusions of law. *In re Tower Air, Inc.*, 397 F.3d 191, 195 (3d Cir. 2005). Because the District Court sat as an appellate court to review the Bankruptcy Court, we review the Bankruptcy Court's legal determinations *de novo*, its factual findings for clear error, and its exercises of discretion for abuse thereof. *Id.*

## III.    Analysis

Kaiser asserts that the California Suit is barred in its entirety by the Plan injunction, while Moss Landing argues that its lawsuit contains causes of action that are not "claims" for purposes of the Bankruptcy Code.[1] The Plan injunction enjoins filing or continuing any action to collect on a claim that was or could have been asserted in the Chapter 11 cases and was discharged in those cases. In general, a discharge in bankruptcy frees the debtor from debts that arose before bankruptcy. 11 U.S.C. § 727(b). For bankruptcy purposes, a "debt" is a "liability on a claim." 11 U.S.C. § 101(12). The term "claim" is defined in the Bankruptcy Code as a

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

---

[1] Moss Landing also argues that some of its claims are not barred because it did not receive actual notice of the hearing to confirm the Plan. Because neither the Bankruptcy Court nor the District Court ruled on whether Moss Landing was a known creditor entitled to actual notice and whether it received actual notice, we forgo addressing that argument at this time and leave it to the Bankruptcy Court to address on remand.

5

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5). The key here is whether the asserted claim is a "right to payment." If so, it is a "claim" under the Bankruptcy Code and is barred by the Plan injunction; if not, it is not a "claim" and is not so barred.

We consider not whether the entire lawsuit constitutes a "claim," but whether the individual causes of action asserted are "claims" as defined by the Code. Those causes of action that represent dischargeable "claims" violate the injunction and are barred; causes of action that are not dischargeable "claims" do not violate the injunction. *See In re Ben Franklin Hotel Assocs.*, 186 F.3d 301, 303 (3d Cir. 1999) (affirming Bankruptcy Court's judgment that, when asked to dismiss an entire lawsuit for allegedly asserting discharged claims, dismissed only the causes of action that "constituted a claim against debtor's estate that was barred by confirmation of the debtor's reorganization plan," and refused to enjoin a cause of action that was "not a claim or debt . . . subject to bankruptcy discharge").[2]

---

[2] While *Celotex Corporation v. Edwards*, 514 U.S. 300, 313 (1995), prevents collateral attacks on Bankruptcy Court injunctions, that case is distinguishable. *Celotex* involved a true collateral attack: the attack on the injunction proceeded through the federal courts in a different district and circuit (the Northern District of Texas and the Fifth Circuit) from the issuing court (the Bankruptcy Court for the Middle District of Florida). Here, while the California Suit is separate from the injunction's issuing court, we are reviewing a motion for enforcement of the injunction filed in its issuing court. Accordingly, it is not a collateral attack because the issuing court, not the collateral court, was asked to determine the scope of the injunction.

The California Suit filed by Moss Landing asserted ten different causes of action asking for both injunctive relief and damages. Each of the Bankruptcy Court and the District Court appears to have concluded that filing the lawsuit was itself a violation of the injunction. The District Court did not individually examine the causes of action in the California Suit, and it noted only that some of those causes of action were within the scope of the injunction. App. 10–11. The Bankruptcy Court appears to have believed that the entire California Suit was either for damages or convertible to damages, but it did not specifically articulate why each cause of action met the definition of a "claim" under the Code. We cannot tell from the Bankruptcy Court's ruling why it concluded that the California Suit *in toto* was a "claim" even though it identified what we agree is the relevant question, namely, whether the causes of action were reducible to money damages.

Accordingly, we will instruct the District Court to remand this matter to the Bankruptcy Court to provide a decision on each cause of action asserted in the California Suit. In particular, the Bankruptcy Court should consider the unique issues associated with affirmative injunctions requiring compliance with environmental laws. *See Meghrig v. KFC W., Inc.*, 516 U.S. 479, 488 (1996) (RCRA's citizen-suit provision does not allow

---

Had the California District Court attempted to determine the scope of the injunction, it would have been improper under *Celotex*. The proper course of action for the California District Court would be to stay the matter pending a ruling by the Bankruptcy Court issuing the injunction. *See, e.g.*, *Aqualine Assocs. L.P. v. Genesis Health Ventures, Inc.*, 96 F. App'x 132 (4th Cir. 2004) (unpublished).

7

for recovery of money damages); *United States v. Apex Oil Co.*, 579 F.3d 734, 737 (7th

Cir. 2009) (Posner, J.) (RCRA government-suit cause of action was not a "claim"

dischargeable in bankruptcy); *AM Int'l, Inc. v. Datacard Corp., DBS, Inc.*, 106 F.3d 1342,

1348 (7th Cir. 1997) (RCRA citizen-suit cause of action was not a "claim" dischargeable

in bankruptcy); *Ailor v. City of Maynardville, Tenn.*, 368 F.3d 587, 601 (6th Cir. 2004)

(relief under the CWA is "virtually identical" to that available under the RCRA and "does

not provide for compensatory damages"). *See generally Ohio v. Kovacs*, 469 U.S. 274

(1985) (holding that an environmental injunction that had been converted into an

obligation to pay money was dischargeable); *Torwico Elecs., Inc. v. N.J. Dep't of Envtl.*

*Prot. (In re Torwico)*, 8 F.3d 146, 150–51 (3d Cir. 1993) (holding that a "continuing

problem that was leaking hazardous material into the surrounding environment" was not a

"repackaged claim for damages" dischargeable in bankruptcy). Although almost every

equitable decree imposes a cost on the defendant, that does not make all equitable

obligations dischargeable in bankruptcy.[3]

\* \* \* \* \*

In sum, we cannot discern whether the Bankruptcy Court considered each cause of

action asserted in the California Suit to determine whether it was barred by the Plan

injunction. Because the injunctive power of the Bankruptcy Court is limited to enjoining

---

[3] The Bankruptcy Court may also wish to consider whether any of the causes of action asserted constitute "claims" that, while not discharged, have been "released, waived, settled, or deemed satisfied."

8

causes of action that actually violate that injunction, we vacate the judgment of the District Court and remand for further proceedings consistent with this opinion.